> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 22, 2023[*]
Decided March 7, 2023

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 22-2251

| | |
|---|---|
| RAJ K. PATEL, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| v. | No. 1:22-cv-01329-JPH-MG |
| UNIVERSITY OF NOTRE DAME DU LAC, *Defendant-Appellee*. | James Patrick Hanlon, *Judge*. |

**O R D E R**

Raj Patel, a former law student at Notre Dame Law School, has repeatedly and frivolously sued the school for refusing to readmit him. After the district court imposed a filing bar, Patel turned to state court, but Notre Dame removed the case to federal court, and the district court dismissed the case with prejudice. Patel contends that the

---

[*] We have agreed to decide the case without oral argument because the issues presented are straightforward and would not significantly benefit from further development through oral argument. FED. R. APP. P. 34(a)(2)(A).

district judge wrongly handled the suit and should not have dismissed it with prejudice. We agree in part. The judge properly exercised removal jurisdiction and dismissed Patel's federal claims under the filing bar, but the court should have relinquished jurisdiction over Patel's state-law claims rather than dismissing them under the filing bar. Thus, we affirm the dismissal of Patel's federal claims but vacate the dismissal of his state-law claims and instruct the district court to remand them to state court.

Patel's litigation against Notre Dame began after he took leave from the law school in early 2015. Once he left, he was involuntarily admitted to a mental health facility and criminally charged with pointing a gun at a relative. When Patel sought readmission, the law school refused, in part because of the pending criminal charge.

In response, Patel launched dozens of meritless lawsuits against Notre Dame, seeking (among other relief) readmission and millions of dollars under unfounded legal theories. *See In re Patel*, No. 1:22-mc-00024-TWP, at *3 (S.D. Ind. March 28, 2022). Notre Dame then refused Patel's readmission even after his criminal charge was expunged, citing concerns about his ability to meet the Indiana bar's character and fitness requirements, given that he had sent disturbing messages to faculty and staff and filed frivolous lawsuits.

Federal judges noticed Patel's pattern of meritless litigation against Notre Dame. In March 2022, the United States District Court for the Southern District of Indiana imposed a filing bar that required Patel to seek and obtain leave before filing any suit in that court. *Id.* Similarly, after Patel filed a frivolous appeal with us, we warned him that further frivolous appeals might lead to sanctions in the Seventh Circuit. *See Patel v. Patel*, 834 F. App'x 244, 245 (7th Cir. 2021).

Just three months after the district court imposed the filing bar, Patel sued again, this time in Indiana state court. As before, he alleged that Notre Dame had violated federal law by discriminating against him on the basis of his religion and disability. He also brought state claims, asserting that Notre Dame had violated state law by denying him readmission to the law school. Because most of Patel's claims were based on federal law, Notre Dame removed the suit to the Southern District of Indiana. *See* 28 U.S.C. § 1441. It also asked the court to exercise supplemental jurisdiction over Patel's related state-law claims, *see* 28 U.S.C. § 1367, and to dismiss the case because it was frivolous.

In order to comply with the filing bar, Patel moved for leave to litigate in the Southern District of Indiana. The district's chief judge denied the motion. She explained that, by filing his latest suit against Notre Dame in state court, Patel was attempting to "abuse the judicial process" with "an end-run around [the district court's] filing restriction." Further, the chief judge continued, Patel could not "litigate an otherwise-prohibited lawsuit" after Notre Dame removed it to federal court. Once the chief judge denied Patel leave to litigate, the assigned district judge dismissed the suit with prejudice.

On appeal, Patel challenges the district court's jurisdiction and the propriety of removal. We review both matters *de novo*. *See Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). Patel does not dispute that his complaint attempts to assert principally federal-law claims. *See* 28 U.S.C. § 1331. Instead, he argues that his federal claims are not ripe and, therefore, that the district court lacked subject-matter and removal jurisdiction. He also contends that the judge should have remanded his state-law claims to state court.

The suit's removal to federal court was proper. A defendant may remove to federal court any suit containing claims arising under federal law and claims falling within the court's supplemental jurisdiction. 28 U.S.C. § 1441(a), (c). The removal statute "gives defendants an absolute right to remove" even when a litigant, like Patel, is barred from litigating in federal district court. *See In re Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996). Furthermore, the ripeness doctrine does not block this suit. The doctrine bars federal courts from deciding cases that turn on "so many future events that a judicial opinion would be 'advice about remote contingencies.'" *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 378 (7th Cir. 2019) (quoting *Rock Energy Corp. v. Vill. of Rockton*, 614 F.3d 745, 748 (7th Cir. 2010)). But the injuries that Patel alleges all stem from Notre Dame's past refusal to readmit him; no future contingencies are at play.

The dismissal of Patel's federal claims with prejudice also was proper. The filing bar, which Patel does not challenge, gave the district court discretion to deny Patel's request to litigate his claims in federal court, and it reasonably denied his request here, since his federal claims are simply another version of his many failed suits against Notre Dame. Once the court denied him leave to litigate, the assigned district judge rightly dismissed the federal claims with prejudice, because Patel could not prosecute them in the district court.

Patel's state-law claims, however, should have been remanded to the state court. District courts generally should exercise their discretion under 28 U.S.C. § 1367(c)(3) to relinquish jurisdiction over state-law claims when, as here, all federal claims have been dismissed, unless equity compels a decision on the merits of the state-law claims. *Lalowski v. City of Des Plaines*, 789 F.3d 784, 794 (7th Cir. 2015). The district judge should have stated the grounds for retaining supplemental jurisdiction over the state-law claims, which Patel did not even seek to bring in federal court. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). The lack of an explanation is a problem that is "practically a fatal one for abuse-of-discretion review," because the record does not compel the conclusion that retaining jurisdiction to decide the merits of the state-law claims furthers "judicial economy, convenience, fairness, and comity." *Montano v. City of Chicago*, 375 F.3d 593, 601–02 (7th Cir. 2004) (second quotation quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). The district court's reliance on the filing bar to dismiss Patel's state-law claims does not satisfy this requirement because Patel originally filed those claims in state court.

We therefore VACATE the dismissal of Patel's state-law claims and REMAND them to the district court with instructions to return the state-law claims to the Indiana court from which the case was removed. We otherwise AFFIRM.