**IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

| | |
|---|---|
| THE EXCELLENT THE EXCELLENT RAJ K. PATEL, from all capacities,　　*Plaintiff-Appellant*　　v.　　THE UNIVERSITY OF NOTRE DAME　　*Defendant-Appellee* | No. 22-2251　　Dated: March 8, 2023 |

U.S.C.A. — 7th Circuit
RECEIVED
MAR 10 2023

**PLAINTIFF-APPELLANT'S MOTION TO CORRECT ECF 30 AND
MOTION TO ISSUE MANDATE**

I, T.E. T.E. Mr. Raj Patel, from the basis of the United States, the undersigned Appellant *pro se*, respectfully move this court of appeals to correct its opinion at ECF 30 consistent with the undisputed material facts and to issue mandate. Cir. R. 10 and Fed. R. App. 41(b).

Paragraph 1 on Page 2 of ECF 30, in part, currently reads, "Patel's litigation against Notre Dame began after he took leave from the law school in early 2015." Add. A [ECF 30 at 2, para. 1]. "[E]arly 2015" should be replaced with "November 2017." <u>Id.</u> and <u>see also Patel v. Univ. of Notre Dame du Lac,</u> No. 1:22-cv-01329-JPH-MG (S.D.I.N. 202_), Dkt. 1-2 at 6 ¶ XV (should read November 17, 2017 instead of "November 11, 2017"). This correction is also needed because the opinion at ECF 30 has already gone to press. Add. B.

This court of appeals shall also consider issuing mandate immediately because but for the United States Southern District Court of Indiana's abuse of discretion of not relinquishing jurisdiction, the original complaint would have been litigated or in the same process. Fed. R. App. 41(b). Issuance of mandate will not only be sensitive to

- 1 -

Plaintiff-Appellant's due process rights but also Defendant-Appellee's will not be prejudicial to Defendant because it has had sufficient notice. Id. & U.S. const. amend. V.

Therefore, I move for this Court of Appeals to revise and correct its Opinion at ECF 30.

Respectfully submitted,

/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Motion on 03/8/2023 to below individuals via e-mail:

**Paul E. Harold**
SOUTHBANK LEGAL: LADUE CURRAN KUEHN
100 East Wayne Street Suite 300
South Bend, IN 46601
Phone: 574-968-0760
Fax: 574-968-0761
Email: pharold@lck-law.com

**Stephen M. Judge**
SOUTHBANK LEGAL: LADUE CURRAN KUEHN
100 E. Wayne Street Suite 300
South Bend, IN 46601
Phone: 574-968-0760
Fax: 574-968-0761
Email: sjudge@southbank.legal

Respectfully submitted,

/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live

Dated: March 8, 2023

# ADDENDUM A

> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 22, 2023[*]
Decided March 7, 2023

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 22-2251

| | |
|---|---|
| RAJ K. PATEL,<br>    *Plaintiff-Appellant,*<br><br>*v.*<br><br>UNIVERSITY OF NOTRE DAME DU LAC,<br>    *Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:22-cv-01329-JPH-MG<br><br>James Patrick Hanlon, *Judge.* |

## ORDER

Raj Patel, a former law student at Notre Dame Law School, has repeatedly and frivolously sued the school for refusing to readmit him. After the district court imposed a filing bar, Patel turned to state court, but Notre Dame removed the case to federal court, and the district court dismissed the case with prejudice. Patel contends that the

---

[*] We have agreed to decide the case without oral argument because the issues presented are straightforward and would not significantly benefit from further development through oral argument. FED. R. APP. P. 34(a)(2)(A).

district judge wrongly handled the suit and should not have dismissed it with prejudice. We agree in part. The judge properly exercised removal jurisdiction and dismissed Patel's federal claims under the filing bar, but the court should have relinquished jurisdiction over Patel's state-law claims rather than dismissing them under the filing bar. Thus, we affirm the dismissal of Patel's federal claims but vacate the dismissal of his state-law claims and instruct the district court to remand them to state court.

Patel's litigation against Notre Dame began after he took leave from the law school in early 2015. Once he left, he was involuntarily admitted to a mental health facility and criminally charged with pointing a gun at a relative. When Patel sought readmission, the law school refused, in part because of the pending criminal charge.

In response, Patel launched dozens of meritless lawsuits against Notre Dame, seeking (among other relief) readmission and millions of dollars under unfounded legal theories. *See In re Patel*, No. 1:22-mc-00024-TWP, at *3 (S.D. Ind. March 28, 2022). Notre Dame then refused Patel's readmission even after his criminal charge was expunged, citing concerns about his ability to meet the Indiana bar's character and fitness requirements, given that he had sent disturbing messages to faculty and staff and filed frivolous lawsuits.

Federal judges noticed Patel's pattern of meritless litigation against Notre Dame. In March 2022, the United States District Court for the Southern District of Indiana imposed a filing bar that required Patel to seek and obtain leave before filing any suit in that court. *Id.* Similarly, after Patel filed a frivolous appeal with us, we warned him that further frivolous appeals might lead to sanctions in the Seventh Circuit. *See Patel v. Patel*, 834 F. App'x 244, 245 (7th Cir. 2021).

Just three months after the district court imposed the filing bar, Patel sued again, this time in Indiana state court. As before, he alleged that Notre Dame had violated federal law by discriminating against him on the basis of his religion and disability. He also brought state claims, asserting that Notre Dame had violated state law by denying him readmission to the law school. Because most of Patel's claims were based on federal law, Notre Dame removed the suit to the Southern District of Indiana. *See* 28 U.S.C. § 1441. It also asked the court to exercise supplemental jurisdiction over Patel's related state-law claims, *see* 28 U.S.C. § 1367, and to dismiss the case because it was frivolous.

In order to comply with the filing bar, Patel moved for leave to litigate in the Southern District of Indiana. The district's chief judge denied the motion. She explained that, by filing his latest suit against Notre Dame in state court, Patel was attempting to "abuse the judicial process" with "an end-run around [the district court's] filing restriction." Further, the chief judge continued, Patel could not "litigate an otherwise-prohibited lawsuit" after Notre Dame removed it to federal court. Once the chief judge denied Patel leave to litigate, the assigned district judge dismissed the suit with prejudice.

On appeal, Patel challenges the district court's jurisdiction and the propriety of removal. We review both matters *de novo*. *See Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). Patel does not dispute that his complaint attempts to assert principally federal-law claims. *See* 28 U.S.C. § 1331. Instead, he argues that his federal claims are not ripe and, therefore, that the district court lacked subject-matter and removal jurisdiction. He also contends that the judge should have remanded his state-law claims to state court.

The suit's removal to federal court was proper. A defendant may remove to federal court any suit containing claims arising under federal law and claims falling within the court's supplemental jurisdiction. 28 U.S.C. § 1441(a), (c). The removal statute "gives defendants an absolute right to remove" even when a litigant, like Patel, is barred from litigating in federal district court. *See In re Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996). Furthermore, the ripeness doctrine does not block this suit. The doctrine bars federal courts from deciding cases that turn on "so many future events that a judicial opinion would be 'advice about remote contingencies.'" *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 378 (7th Cir. 2019) (quoting *Rock Energy Corp. v. Vill. of Rockton*, 614 F.3d 745, 748 (7th Cir. 2010)). But the injuries that Patel alleges all stem from Notre Dame's past refusal to readmit him; no future contingencies are at play.

The dismissal of Patel's federal claims with prejudice also was proper. The filing bar, which Patel does not challenge, gave the district court discretion to deny Patel's request to litigate his claims in federal court, and it reasonably denied his request here, since his federal claims are simply another version of his many failed suits against Notre Dame. Once the court denied him leave to litigate, the assigned district judge rightly dismissed the federal claims with prejudice, because Patel could not prosecute them in the district court.

Patel's state-law claims, however, should have been remanded to the state court. District courts generally should exercise their discretion under 28 U.S.C. § 1367(c)(3) to relinquish jurisdiction over state-law claims when, as here, all federal claims have been dismissed, unless equity compels a decision on the merits of the state-law claims. *Lalowski v. City of Des Plaines*, 789 F.3d 784, 794 (7th Cir. 2015). The district judge should have stated the grounds for retaining supplemental jurisdiction over the state-law claims, which Patel did not even seek to bring in federal court. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). The lack of an explanation is a problem that is "practically a fatal one for abuse-of-discretion review," because the record does not compel the conclusion that retaining jurisdiction to decide the merits of the state-law claims furthers "judicial economy, convenience, fairness, and comity." *Montano v. City of Chicago*, 375 F.3d 593, 601–02 (7th Cir. 2004) (second quotation quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). The district court's reliance on the filing bar to dismiss Patel's state-law claims does not satisfy this requirement because Patel originally filed those claims in state court.

We therefore VACATE the dismissal of Patel's state-law claims and REMAND them to the district court with instructions to return the state-law claims to the Indiana court from which the case was removed. We otherwise AFFIRM.

# ADDENDUM B



Portfolio Media. Inc. | 111 West 19th Street, 5th floor | New York, NY 10011 | www.law360.com
Phone: +1 646 783 7100 | Fax: +1 646 783 7161 | customerservice@law360.com

## 7th Circ. Flunks Ex-Notre Dame Law Student's Admission Suit

By **Lauren Berg**

Law360 (March 7, 2023, 11:06 PM EST) -- A former Notre Dame Law School student who has "repeatedly and frivolously sued the school for refusing to readmit" him can't revive his latest suit in federal court, but can take his state law claims back to the Indiana court from which they were removed, the Seventh Circuit ruled on Tuesday.

The three-judge appellate panel in a **brief opinion** agreed with an Indiana federal judge's decision to dismiss Raj K. Patel's federal claims against his former school because the district court had previously imposed a filing bar after the aspiring lawyer filed dozens of "meritless" suits, but it determined that the judge should have sent his state claims back to state court.

After the district court imposed the filing bar, Patel filed his latest suit in Indiana state court, which the University of Notre Dame then removed to federal court, according to the opinion. The district court then dismissed the case with prejudice, the opinion stated.

"The judge properly exercised removal jurisdiction and dismissed Patel's federal claims under the filing bar, but the court should have relinquished jurisdiction over Patel's state-law claims rather than dismissing them under the filing bar," the panel said.

The dispute began after Patel took leave from Notre Dame in early 2015, according to the opinion. After he left, he was involuntarily admitted to a mental health facility and criminally charged with pointing a gun at a relative, the opinion stated.

When Patel tried to go back to law school, Notre Dame refused, citing his pending criminal charge, according to the opinion.

That's when Patel launched dozens of lawsuits against his former school, seeking readmission and millions of dollars under "unfounded legal theories," the opinion said. Even when Patel's criminal charge was expunged, Notre Dame still refused his readmission, citing concerns about his ability to meet the Indiana bar's "character and fitness requirements" after he had sent disturbing messages to school staff and filed the frivolous lawsuits, according to the opinion.

"Federal judges noticed Patel's pattern of meritless litigation against Notre Dame," the panel said, noting that the U.S. District Court for the Southern District of Indiana last March imposed a filing bar that required him to seek leave from the court before filing any more suits. "Similarly, after Patel filed a frivolous appeal with us, we warned him that further frivolous appeals might lead to sanctions in the Seventh Circuit."

Just three months after the filing bar, Patel took his litigation to Indiana state court, where he realleged federal claims of discrimination based on religion and disability, and brought state claims over the school's refusal to readmit him, the opinion said.

After Notre Dame removed the case to federal court, the school asked that it be dismissed because it was frivolous, according to the opinion. The district court denied Patel's motion for leave to litigate in federal court — scolding him for "attempting to 'abuse the judicial process' with 'an end-run around the district court's filing restriction'" — and dismissed the suit, the opinion

stated.

Patel appealed, but the panel on Friday said the suit's removal to federal court was proper and that the dismissal of his federal claims was also proper.

"The filing bar, which Patel does not challenge, gave the district court discretion to deny Patel's request to litigate his claims in federal court, and it reasonably denied his request here, since his federal claims are simply another version of his many failed suits against Notre Dame," the panel said.

"Patel's state-law claims, however, should have been remanded to the state court," it added. "District courts generally should exercise their discretion ... to relinquish jurisdiction over state-law claims when, as here, all federal claims have been dismissed."

The panel vacated the dismissal of Patel's state law claims and remanded them to the district court with instructions to return them to the state court, but otherwise affirmed the lower court's decision.

Representatives for Notre Dame did not immediately respond to requests for comment Tuesday evening. Patel could not be immediately reached for comment.

U.S. Circuit Judges Diane S. Sykes, David F. Hamilton and John Z. Lee sat on the panel.

Patel is representing himself.

Notre Dame is represented by Stephen M. Judge and Paul E. Harold of SouthBank Legal.

The case is Raj K. Patel v. University of Notre Dame du Lac, case number 22-2251, in the U.S. Court of Appeals for the Seventh Circuit.

--Editing by Kristen Becker.

All Content © 2003-2023, Portfolio Media, Inc.