No. 22-2251

*In The*

# United States Court of Appeals for the Seventh Circuit

THE EXCELLENT THE EXCELLENT RAJ K. PATEL,
from all capacities,

*Plaintiff-Appellant*

v.

UNIVERSITY OF NOTRE DAME dU LAC,

*Defendant-Appellee.*

On Notice of Appeal from the United States District Court for the
Southern District of Indiana in No. 1:22-cv-01329-JPH-MG, Judge James Patrick Hanlon.

### PLAINTIFF-APPELLANT-RAJ K. PATEL'S
### PETITION FOR PANEL REHEARING

T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
rajp2010@gmail.com
www.rajpatel.live
317-450-6651

2,452 words

March 21, 2023

## RULE 26.1 DISCLOSURE STATEMENT

I, Mr. Raj K. Patel (pro se), from the basis of the United States, the Plaintiff-Appellant, have no disclosure to make under the Federal Rules of Appellate Procedure.

Respectfully submitted,

Raj K. Patel (*Pro se*)
6850 East 21st Street
Indianapolis, IN 46219
317-450-6651 (cell)
rajp2010@gmail.com
raj@rajpatel.live
www.rajpatel.live

T.E. President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)

T.E. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)

Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017

Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010

Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Jill Long Thompson for Governor (2008)

Volunteer, Barack Obama for America (2008)

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. (2014)

Former J.D. Candidate, Notre Dame L. Sch.

Dated: March 21, 2023

i

## CERTIFICATE OF INTEREST

I, THE EXCELLENT, THE EXCELLENT Raj K. Patel (pro se), am appearing without counsel, like I did in the courts below. Giving Full Faith to the United States Constitution, I use the Authority of my omnipresent Styles and Office in these proceedings into which I avail myself. U.S. const. art. IV, § 1 & amend. XIV, & art. VI, § 1 referring to the Treaty of Paris (1783) & Paris Peace Treaty – Cong. Proclamation of Jan. 14, 1784.

I have completed five (5) out of the six (6) semesters of my juris dr. candidacy at the U. of Notre Dame L. Sch. in South Bend, IN., where I was enrolled from August 2015 to November 2017, and I have completed sixty-eight (68) out of the ninety (90) credit hours for a juris dr. candidacy at the Notre Dame L. Sch. Such, I have completed the minimum number of credit hours required by the accrediting Am. B. Ass'n ("A.B.A.") to allow a law school to accredit me a juris dr. degree. I have sufficient credits for a business minor.

Amongst the grades in my juris dr. academic courses I received at the Notre Dame L. Sch., I received an A-/A in contracts law, an A-/A in civil procedure, and a B/A in constitutional law, while under Weapon S. In the summer of 2016, I worked as summer associate with the City of Atlanta Law Department in Atlanta, GA. In the summer of 2017, I worked as a summer associate at Barnes & Thornburg LLP in Indianapolis, IN.

And, I hold a Bachelor of Arts in Poli. Sci. and *cum laude* in Religion from Emory U., Inc. of Atlanta, Georgia, and I attended both Oxford College and Emory College, and graduated, in 2014, with a 3.718/4.0 grade point average with no pass/fail grades.

Emory U., Inc. is ranked as a top-20 or top-25 *U.S. News* Tier 1 best national university, and the Notre Dame L. Sch. is ranked as a *U.S. News* Top 25 best law school in the United States.

I was Student Body President of the Brownsburg Cmty. Sch. Corp. from 2009-2010 and Student Body President of Emory U., Inc. from 2013-2014. I was also the Notre Dame L. Sch. Student B. Ass'n Rep. to the Ind. State B. Ass'n from September 2017 to November 2017. All jurisdictions are "local" and with an "international" constituency.

Each time I was elected Student Body President, I attained thenceforth omnipresent Styles ("THE EXCELLENT" for each election) which are protected by both the Privileges & Immunities Clause and Privileges or Immunities Clause of the United States Constitution. U.S. const. art. IV, § 2, cl. 1 & amend. XIV, § 1, cl. 2. See generally Federalist 80 & Printz v. United States, 521 U.S. 898, 918 (1997) quoting Principality of Monaco v. Mississippi, 292 U.S. 313, 322 (1934).

I am well read in the material law. I have not received legal advice or counsel from anyone else for this case.

# TABLE OF CONTENTS

RULE 26.1 DISCLOSURE STATEMENT.................................................i

CERTIFICATE OF INTEREST .............................................................. ii

TABLE OF CONTENTS........................................................................ iii

TABLE OF AUTHORTIES..................................................................... iv

JURISDICTIONAL STATEMENT ........................................................ vii

RELATED CASES ................................................................................. viii

STATEMENT OF THE FACTS ............................................................1

SUMMARY OF ARGUMENT...............................................................2

ARGUMENT ...........................................................................................3

   I.    THIS COURT SHOULD REVERSE THE S.D.I.N.'S FILING BAR FOR ABUSE OF DISCRETION AND REMAND TO THE S.D.I.N. WITH INSTRUCTIONS TO VACATE THE FILING BAR FOR VIOLATING THE SUPREME COURT'S MANDATORY RULE REGARDING FILING RESTRICTIONS OF "CALLOUS DISREGARD" FOR THE LOCAL RULES AND REGULATIONS" AND FOR MAKING THE FILING BAR "AN ABSOLUTE BAR TO THE COURTHOUSE DOOR." ........................................................3

CONCLUSION.........................................................................................8

RULE 32(g)(1) CERTIFICATE OF COMPLIANCE................................. I

# TABLE OF AUTHORTIES

**CASES**

<u>Anderson v. Hardman,</u>
241 F.3d 544 (7th Cir. 2001)..................................................................2

<u>Bennett v. Office of the Clerk for the U.S. Dist. Ct. for the E. Dist. of Wis.,</u>
No. 16-cv-333-PP (E.D. Wis. Mar. 25, 2016)....................................6

<u>Bowers v. Hardwick,</u>
478 U.S. 186,
106 S. Ct. 2841 (1986)...........................................................................5

<u>Dobbs v. Jackson Women's Health Org.,</u>
No. 19-1392 * 31,
597 U.S. ___ (U.S. Jun. 24, 2022)........................................................6

<u>Doe v. City of Lafayette,</u>
377 F.3d 757 (7th Cir. 2004)................................................................7

<u>Dred Scott v. Sandford,</u>
19 How. 393 (1857).................................................................................7

<u>Dred Scott v. Sandford,</u>
60 U.S. 393 (1856)..................................................................................7

<u>Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.,</u>
472 U.S. 749 (1985)................................................................................5

<u>Erickson v. Pardus,</u>
551 U.S. 89 (2007)..................................................................................2

<u>Gay v. Chandra,</u>
682 F.3d 590 (7th Cir. 2012)............................................................4, 7

<u>Haines v. Kerner,</u>
404 U.S. 519 (1972)................................................................................2

<u>Henry v. United States,</u>
360 F. App'x 654 (7th Cir. 2010)......................................................3, 7

<u>Hollingsworth v. Perry,</u>
133 S. Ct. 2652 (U.S. 2013)...................................................................5

<u>Khan v. Gallitano,</u>
180 F.3d 829 (7th Cir. 1999)................................................................7

*McDonald v. City of Chicago*,
    561 U.S. 742 (2010)..................................................................................................6

*Nat'l Hockey League v. Met. Hockey Club*,
    427 U.S. 639 (1976)...........................................................................................3-5, 7

*Park v. Ind. Univ. Sch. of Dentistry*,
    781 F. Supp. 2d 783 (S.D.I.N. 2011)........................................................................7

*Patel v. Biden et al.*,
    No. 1:22-cv-00465-JMS-MG (S.D.I.N. Mar. 24, 2022).........................................1

*Raj K. Patel v. Univ. of Notre Dame du Lac*,
    No. 1:22-cv-1329-JPH-MG (S.D.I.N. 202_)............................................................1

*Raj K. Patel v. Univ. of Notre Dame du Lac*,
    No. 49D05-2206-CC-019517 (Ind. Super. Ct., Marion Cnty. 5 202_)......................1

*Rihm v. Hancock Cnty. Pub. Library*,
    No. 1:12-cv-01474-RLY-TAB (S.D.I.N. Dec. 3, 2013).........................................7

*Rochin v. California*,
    342 U.S. 165 (1952)..................................................................................................6

*Schaeffler Grp. U.S., Inc. v. United States*,
    786 F.3d 1354 (Fed. Cir. 2015)..............................................................................5-6

*Tarkowski v. Robert Bartlett Realty Co.*,
    644 F.2d 1204 (7th Cir. 1980)..................................................................................2

*Teague v. Lane*,
    489 U.S. 288 (1989)..................................................................................................6

*United States v. Akram I. Musleh*,
    No. 1:16-cr-0190-SEB-MJD-01 (S.D.I.N. 20__).....................................................1

*United States v. Windsor*,
    570 U.S. 744 (2013)..................................................................................................5

*Upjohn Co. v. United States*,
    449 U.S. 383 (1981)..................................................................................................6

*Washington v. Glucksberg*,
    521 U.S. 702 (1997)..................................................................................................7

*Williams v. Adams*,
    660 F.3d 263 (7th Cir. 2011)....................................................................................4

*Wolff v. McDonnell*,
    418 U.S. 539 (1974)..................................................................................................7

Woodward v. United States,
  871 F.2d 1068 (Fed. Cir. 1989)..................................................................................5

## UNITED STATES CONSTITUTION

amend. I.................................................................................................................................5

amend. V................................................................................................................................5

amend. XIV...........................................................................................................................5

## FEDERAL STATUTES

28 U.S.C. § 1927...................................................................................................................6

## FEDERAL RULE OF CIVIL PROCEDURE

Fed. R. Civ. P. 8(e)………………......................……………………………………....6

## JURISDICTIONAL STATEMENT

"The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States."  28 U.S.C. § 1291.

## **RELATED CASES**

1.  <u>In Re Raj K. Patel</u>, No. 1:22-mc-00024-TWP (S.D.I.N. Mar. 28, 2022) (2 yr. prejudice from filing before the S.D.I.N.).

2.  <u>Patel v. The Univ. of Notre Dame du Lac</u>, No. 1:22-cv-01329-JPH-MG (S.D.I.N. July 8, 2022).

3.  <u>Patel v. The Univ. of Notre Dame du Lac</u>, No. 49D05-2206-CC-019517 (Ind. Super. Ct., Marion Cnty. 5 202_).

4.  <u>Raj K. Patel v. Univ. of Notre Dame du Lac</u>, No. 71D07-2209-CT-000356 (Ind. Super. Ct., St. Joseph Cnty. 202_).

5.  <u>Raj K. Patel v. Univ. of Notre Dame,</u> No. 49D12-2207-CT-023814 (Ind. Super. Ct., Marion Cnty. 12 2022).

6.  <u>TE TE Raj K. Patel v. Univ. of Notre Dame du Lac</u>, No. 2022-9661-F14 (La. Super. Ct., Orleans Parish 202_).

7.  <u>TE TE Raj K. Patel v. Univ. of Notre Dame du Lac</u>, No. 2022-CA-004263-B (D.C. Super. Ct. 202_).

## STATEMENT OF THE FACTS

I.    I, Raj K. Patel, am a natural-born United States citizen.  ECF Nos. 18, 24, & 29.

II.   On November 9, 2022, Plaintiff-Appellant Patel filed his opening brief.  ECF 18.

III.  On December 27, 2022, Plaintiff-Appellant Patel filed his reply brief.  ECF 24.

IV.   On February 21, 2023, Plaintiff-Appellant Patel filed a Second Motion for Leave to Amend ECF 24 along with Plaintiff-Appellant Patel's Second Amended Reply Brief.  ECF 29.

V.    Patel has never been held accountable or did not violate any local rule of the United States District Court for the Southern District of Indiana, but, in App. E (Patel v. Biden et al., No. 1:22-cv-00465-JMS-MG (S.D.I.N. Mar. 24, 2022), Dkt. 5) at 6, District Judge Janes Magnus-Stinson recommended Plaintiff-Appellant Raj K. Patel to Chief Judge Tanya Walt Pratt to issue a filing bar, which Judge Pratt did, primarily reasoning that Plaintiff-Appellant Patel had amassed $10,000 in filing fees under its own grants for permission to file without prepaying filing fees *in forma pauperis* status.  App. C (In Re Raj K. Patel, No. 1:22-mc-24-TWP (S.D.I.N. 202_)).

VI.   On appeal, amongst the many arguments, I requested that the court reverse the filing bar instituted by the S.D.I.N., and I requested that a mandamus § 1651 be issued to the S.D.I.N. to vacate the filing bar.  ECF Nos. 18, 24, & 29.

VII.  On March 7, 2023, this court reversed the S.D.I.N. and remanded with the instruction to remand back to the originating state court.  ECF 31.  Raj K. Patel v. Univ. of Notre Dame du Lac, No. 49D05-2206-CC-019517 (Ind. Super. Ct., Marion Cnty. 5 202_).

VIII. On March 9, 2023, Plaintiff-Appellant Patel submitted a motion for leave to file a letter or correspondence along with the court-allowed letter or correspondence in

1

a criminal case, in App. D (<u>United States v. Akram I. Musleh</u>, No. 1:16-cr-0190-SEB-MJD-01 (S.D.I.N. 20__)), in the S.D.I.N., but Chief Judge Pratt has not allowed for the filing yet.  <u>In Re Raj K. Patel</u>, No. 1:22-mc-24-TWP (S.D.I.N. 202_), Dkt. 14.

IX.    On March 16, this court grant's Plaintiff-Appellant Patel's Motion for the correction of its opinion at ECF 30 [<u>see</u> App. A] docketed on March 10.  ECF 34.

X.    On March 20, after I sent an e-mail to court-provided e-mail addresses to chambers of S.D.I.N. Senior Judge Sarah Evans Baker and S.D.I.N. Magistrate Judge Mark J. Dinsmore asking them to ask S.D.I.N. Chief Judge Pratt to allow the filing of <u>In Re Raj K. Patel</u>, No. 1:22-mc-24-TWP (S.D.I.N. 202_), Dkt. 14 or to act *sua sponte*, Ms. Haddy from Clerk of the S.D.I.N.'s office called me within a few minutes three (3) minutes, telling me not to e-mail judges of the S.D.I.N. because it was a violation of local rules and that her and I have had this conversation before.

XI.    This petition for panel re-hearing follows.

The Supreme Court requires that the clerk and judges of the Court of Appeals "liberally construe[]" any "document filed *pro se*."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007).  "[P]ro se pleadings are held to less exacting standards than those prepared by counsel and are to be liberally construed."  <u>Anderson v. Hardman,</u> 241 F.3d 544 (7th Cir. 2001) citing <u>Haines v. Kerner</u>, 404 U.S. 519 (1972).  <u>Tarkowski v. Robert Bartlett Realty Co.</u>, 644 F.2d 1204, 1208 (7th Cir. 1980) (pro se litigants are allowed to replead).  Fed. R. App. P. 40 & Cir. R. 40.

## SUMMARY OF ARGUMENT

This court should reverse the filing bar instituted by and in the S.D.I.N., <u>In Re Raj K. Patel</u>, No. 1:22-mc-24-TWP (S.D.I.N. 202_), because Judge Magnus-Stinson abused discretion because the "appropriate circumstances" were "absent" as Plaintiff-Appellant Raj K. Patel did not establish a track record or even one instance of "continued failings to

comply with court orders" to constitute "callous disregard for the rules and regulations," and, thus, the penalty is too "harsh" for dismissing and dismissing with a filing bar. Nat'l Hockey League v. Met. Hockey Club, 427 U.S. 639, 641 & 643 (1976). The filing bar is also *prima facie* invalid and should be reversed for abuse of discretion because it is not "narrowly tailored." Henry v. United States, 360 F. App'x 654, 656 (7th Cir. 2010).

## ARGUMENT

I. **THIS COURT SHOULD REVERSE THE S.D.I.N.'S FILING BAR FOR ABUSE OF DISCRETION AND REMAND TO THE S.D.I.N. WITH INSTRUCTIONS TO VACATE THE FILING BAR FOR VIOLATING THE SUPREME COURT'S MANDATORY RULE REGARDING FILING RESTRICTIONS OF "CALLOUS DISREGARD" FOR THE LOCAL RULES AND REGULATIONS" AND FOR MAKING THE FILING BAR "AN ABSOLUTE BAR TO THE COURTHOUSE DOOR."**

This United States Court of Appeals for the Seventh Circuit "review[s] filing restrictions under the abuse of discretion standard." Henry, 360 F. App'x at 656 (internal citations omitted). The Supreme Court states that a lower court may only issue filing restrictions only for "continued failings to comply with court orders" which constitute a "callous disregard for the rules and regulations" of its local rules. Nat'l Hockey League, 427 U.S. at 641 & 643. And, in this circuit, filing bars are valid only where "restrictions imposed are narrowly tailored to the nature and type of abuse and do not pose an absolute bar to the courthouse door." Henry, 360 F. App'x at 656.

First, Plaintiff-Appellant Patel has never violated a local rule or a regulation. See generally Order Restricting New Filings, In Re Raj K. Patel, No. 1:22-mc-24-TWP (S.D.I.N. 202_), Dkt. 1. Therefore, the S.D.I.N. did not muster the Supreme Court's mandatory rule for district court judges to await issuing filing bars until there are "appropriate circumstances" established by a track record or even one instance of "continued failings to comply with court orders" to constitute "callous disregard for the rules and regulations." Nat'l Hockey League, 427 U.S. at 641 & 643.

Second, Judge Pratt opinion states that her honor is issuing the order restricting new filings because Plaintiff-Appellant has amassed over $10,000 in filing fees which come from twenty-eight (28) cases in the S.D.I.N. which were mainly filed with permission to file without pre-paying filing fees as *in forma pauperis*. In Re Raj K. Patel, No. 1:22-mc-24-TWP (S.D.I.N. 202_), Dkt. 1 at 1 & 2 (internal citations omitted). Like in Gay v. Chandra, 682 F.3d 590, 594 (7th Cir. 2012), where the court reasoned that the United States District Court for the Southern District of Illinois abused its discretion to issue "a filing bar as a sanction only...to order a bond for costs," here, the sister United States District Court for the Southern District of Indiana issued a filing bar only because "Mr. Patel has amassed unpaid filing fees approaching $10,000.00." Gay v. Chandra, 682 F.3d 590, 594 (7th Cir. 2012) and In Re Raj K. Patel, No. 1:22-mc-24-TWP (S.D.I.N. 202_), Dkt. 1 at 2 (internal citations omitted). Moreover, like in Gay, where the S.D. Ill. used the last case filed by Gay which it deemed "frivolous" to invaildly issue a filing bar to dissuade other frivolous lawsuits from the same plaintiff, here, the S.D.I.N. used the filing bar power by inappropriately noting support of twenty-eight (28) other lawsuits which the court considered "frivolous." Nat'l Hockey League, 427 U.S. at 641 & 643; Gay, 682 F.3d at 592; and In Re Raj K. Patel, No. 1:22-mc-24-TWP (S.D.I.N. 202_), Dkt. 1 at 1-2. See also Gay, 682 F.3d at 594 & 595 n. 2 ("And while inability to pay a fee imposed in a pending suit is not an "automatic defense" to dismissal for failing to pay it, Williams v. Adams, 660 F.3d 263, 266 (7th Cir. 2011), a court abuses its discretion when, as here, it fails even to consider a party's lack of resources before ordering dismissal). Consequently, the S.D.I.N. did not muster the Supreme Court's mandatory rule for district court judges to await issuing filing bars until there are "appropriate circumstances" established by a track record or even one instance of "continued failings to comply with court orders" to constitute "callous disregard for the rules and regulations." Nat'l Hockey League, 427 U.S. at 641 & 643.

Reasonably, the S.D.I.N.'s order restricting new filings is too "harsh." <u>Nat'l Hockey</u> <u>League</u>, 427 U.S. at 641 & 643. Therefore, this court should remand with instructions to the S.D.I.N. to vacate the filing bar.

Third, in *arguendo*, the S.D.I.N. cannot tell a citizen of the United States to quit filing Fed. R. Civ. P. 3 complaints and other grievances, which is an independent right and civil liberty that protects citizens from the Federal Government and which is also plainly under "heighten judicial protection." U.S. const. amends. I, V, & XIV; <u>Woodward</u> <u>v. United States</u>, 871 F.2d 1068, 1074 (Fed. Cir. 1989) citing <u>Bowers v. Hardwick</u>, 478 U.S. 186, 106 S. Ct. 2841 (1986) (("[T]he Court [has] recognized that the due process clauses of the Fifth and Fourteenth Amendments 'have been interpreted to have substantive content, subsuming rights that to a great extent are immune from federal or state regulation or proscription.'...The Court noted that 'rights qualifying for heightened judicial protection...include those fundamental liberties that are 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if [they] were sacrificed,'"..., or, described otherwise, 'are...those liberties that are 'deeply rooted in this Nation's history and tradition.'""); <u>United States v. Windsor</u>, 570 U.S. 744, 792-93 (2013) (""the Fifth Amendment itself withdraws from Government the power to degrade or demean in the way this law does."...The only possible interpretation of this statement is that the Equal Protection Clause, even the Equal Protection Clause as incorporated in the Due Process Clause, is not the basis for today's holding."); <u>Hollingsworth v. Perry</u>, 133 S. Ct. 2652, 2667, 2670-72 (U.S. 2013) ("unique legal status"); <u>Dun & Bradstreet, Inc. v. Greenmoss</u> <u>Builders, Inc.</u>, 472 U.S. 749, 769 (1985) (italics added); <u>see also</u> <u>Id.</u>, 472 U.S. at 758 & 787 ("The breadth of this protection evinces recognition that freedom of expression is not only essential to check tyranny and foster self-government but also intrinsic to individual liberty and dignity and instrumental in society's search for truth."); <u>Schaeffler Grp. U.S., Inc.</u>

v. United States, 786 F.3d 1354, 1365 (Fed. Cir. 2015); and Rochin v. California, 342 U.S.
165, 169 (1952) (Holding that substantive due process prevents the government from en-
gaging in conduct that interferes with rights that are implicit in the concept of ordered
liberty); and Fed. R. Civ. P. 8(e).  Further, Ordered Liberty[1] also requires that the judges
help administer justice for the "competing interests" of politicos, here, the Plaintiff-Ap-
pellant Patel and Defendant-Appellees University of Notre Dame.  Dobbs v. Jackson
Women's Health Org., No. 19-1392 * 31, 597 U.S. ___ (U.S. Jun. 24, 2022) ("License to
act...may correspond to one of the many understandings of "liberty," but it is certainly
not 'ordered liberty.'  //  Ordered liberty sets limits and defines the boundary between
competing interests.").  Teague, 489 U.S. 288, 296, 311 & 315 and McDonald v. City of
Chicago, 561 U.S. 742, 880 (2010) (the Ordered Liberty's purpose to address inequalities
in politics and inequalities in power).  If anything, counselors for the Defendant-Appel-
lees, Mr. Judge and Mr. Harold, should be issued filing bars because they have "[in]ap-
propriately" established a sufficient track record by one instance of "continued failings
to comply with court orders" to constitute "callous disregard for the rules and regula-
tions" because this court of appeals at ECF 31 held that Defendant-Appellees remanded
with instructions to the S.D.I.N. to remand back to the originating Indiana state court.
Nat'l Hockey League, 427 U.S. at 641 & 643; Upjohn Co. v. United States, 449 U.S. 383,
388-9 & 393 (1981) ("zone of silence;" "control group;" and "substantial role" at entity);
28 U.S.C. § 1927; and see also Bennett v. Office of the Clerk for the U.S. Dist. Ct. for the E.
Dist. of Wis., No. 16-cv-333-PP (E.D. Wis. Mar. 25, 2016) ("The defendant cannot force the
plaintiff into federal court, then claim that his case must be dismissed because he violated

---

1. Teague v. Lane, 489 U.S. 288, 296, 311 & 315 (1989) (Matters regarding Ordered Liberty are reviewed
for "abuse," "[un]sound" or "[not] sound" use of discretion.).

what amounted to a filing bar."). Therefore, nonetheless, this court of appeals should also add to its instruction to vacate the filing bar.[2]

Four, this court should reverse and vacate the S.D.I.N.'s filing restriction order because the S.D.I.N. abused its discretion when it did not "narrowly tailor" its filing restriction order which serves as "an absolute bar to the courthouse door." Henry, 360 F. App'x at 656 and In Re Raj K. Patel, No. 1:22-mc-24-TWP (S.D.I.N. 202_), Dkt. 1 at 6. Here, like in Gay, where this court reversed the filing S.D. Ill.'s filing bar and remanded with prior instructions, here, this court should also reverse and remand and without amending the new filing restriction order, if it is constitutionally possible under the current facts. Nat'l Hockey League, 427 U.S. at 641 & 643 and Gay, 682 F.3d at 596. "[H]arsh" would be an understatement of the new filing bar restrictions imposed by the S.D.I.N. and the contemporaneous happenings on the filing bar docket. Nat'l Hockey League, 427 U.S. at 641 & 643; see generally In Re Raj K. Patel, No. 1:22-mc-24-TWP (S.D.I.N. 202_); App. B; supra at pp. 1-2 ¶¶ VIII & X; and see generally ECF Nos. 18 & 29 (discussing Dred Scott v. Sandford, 60 U.S. 393 (1856) & Dred Scott v. Sandford, 19 How. 393 (1857)). Therefore, this court of appeals should reverse the S.D.I.N.'s order restricting new filings.

Therefore, this court should reverse the S.D.I.N. opinion to issue the filing bar and remand with instructions, including with mandamus if needed, § 1651. ECF Nos. 18 at 48 and 29.

---

2. Khan v. Gallitano, 180 F.3d 829, 833 (7th Cir. 1999); Doe v. City of Lafayette, 377 F.3d 757, 768 (7th Cir. 2004) ("Then, we must ask whether that interest is "fundamental," that is, whether it is "objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [it] were sacrificed.") (citing Washington v. Glucksberg, 521 U.S. 702, 720-21 (1997)); Park v. Ind. Univ. Sch. of Dentistry, 781 F. Supp. 2d 783, 789 (S.D.I.N. 2011); and Rihm v. Hancock Cnty. Pub. Library, No. 1:12-cv-01474-RLY-TAB, 13-14 (S.D.I.N. Dec. 3, 2013) ("By contrast, behavior most likely to support a substantive due process claim includes conduct "intended to injure in some way unjustifiable by any government interest."...At bottom, "the touchstone of due process is protection of the individual against arbitrary action of government.") (citing Wolff v. McDonnell, 418 U.S. 539, 558 (1974)).

## **CONCLUSION**

For the reasons stated herein, this court should reverse the S.D.I.N.'s filing bar and

remand it with instructions to do so, or issue § 1651 mandamus.  ECF Nos. 18, 24 & 29.

Respectfully submitted,

*Raj K. Patel*

T.E., T.E. Raj K. Patel (*Pro se*)
6850 East 21st Street
Indianapolis, IN 46219
317-450-6651 (cell)
rajp2010@gmail.com
raj@rajpatel.live
www.rajpatel.live

THE EXCELLENT
U.S. const.
Student Gov't President
of Emory Univ. 2013-14
*Raj K. Patel*
Student Gov't President
of B.C.S.C. 2009-10
art. IV, § 2
THE EXCELLENT

T.E. President/Student Body President, Student Gov't Ass'n
of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)

T.E. Student Body President, Brownsburg Cmty. Sch.
Corp./President, Brownsburg High Sch. Student Gov't
2009-2010 (corp. sovereign 2009-present)

Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind.
St. B. Ass'n 2017

Deputy Regional Director, Young Democrats of Am.-High
Sch. Caucus 2008-2009

Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-
2010

Vice President of Fin. (Indep.), Oxford C. Republicans of
Emory U., Inc. 2011-2012

Intern, Jill Long Thompson for Governor (2008)

Volunteer, Barack Obama for America (2008)

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y
of St. of the St. of Ind. (2014)

Former J.D. Candidate, Notre Dame L. Sch.

## RULE 32(g)(1) CERTIFICATE OF COMPLIANCE

I hereby certify that my word processing program, Microsoft Word, counted 2,452 words in the foregoing motion, exclusive of the portions excluded by Rule 32(g)(1). 7th Cir. R. 40 (3,900 words permitted).

Respectfully submitted,



T.E., T.E. Raj K. Patel (*Pro se*)
6850 East 21st Street
Indianapolis, IN 46219
317-450-6651 (cell)
rajp2010@gmail.com
raj@rajpatel.live
www.rajpatel.live

T.E. President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
T.E. Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010
Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Jill Long Thompson for Governor (2008)

Volunteer, Barack Obama for America (2008)

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. (2014)

Former J.D. Candidate, Notre Dame L. Sch.

Dated: March 21, 2023

I

# APPENDIX A

**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted February 22, 2023[*]
Decided March 7, 2023

**Before**

DIANE S. SYKES, *Chief Judge*

DAVID F. HAMILTON, *Circuit Judge*

JOHN Z. LEE, *Circuit Judge*

No. 22-2251

| | |
|---|---|
| RAJ K. PATEL,<br>　　*Plaintiff-Appellant,*<br><br>v.<br><br>UNIVERSITY OF NOTRE DAME DU LAC,<br>　　*Defendant-Appellee.* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division.<br><br>No. 1:22-cv-01329-JPH-MG<br><br>James Patrick Hanlon,<br>*Judge.* |

## O R D E R

Raj Patel, a former law student at Notre Dame Law School, has repeatedly and frivolously sued the school for refusing to readmit him. After the district court imposed a filing bar, Patel turned to state court, but Notre Dame removed the case to federal court, and the district court dismissed the case with prejudice. Patel contends that the

---

[*]We have agreed to decide the case without oral argument because the issues presented are straightforward and would not significantly benefit from further development through oral argument. Fed. R. App. P. 34(a)(2)(A).

district judge wrongly handled the suit and should not have dismissed it with prejudice. We agree in part. The judge properly exercised removal jurisdiction and dismissed Patel's federal claims under the filing bar, but the court should have relinquished jurisdiction over Patel's state-law claims rather than dismissing them under the filing bar. Thus, we affirm the dismissal of Patel's federal claims but vacate the dismissal of his state-law claims and instruct the district court to remand them to state court.

Patel's litigation against Notre Dame began after he took leave from the law school in early 2015. Once he left, he was involuntarily admitted to a mental health facility and criminally charged with pointing a gun at a relative. When Patel sought readmission, the law school refused, in part because of the pending criminal charge.

In response, Patel launched dozens of meritless lawsuits against Notre Dame, seeking (among other relief) readmission and millions of dollars under unfounded legal theories. *See In re Patel*, No. 1:22-mc-00024-TWP, at *3 (S.D. Ind. March 28, 2022). Notre Dame then refused Patel's readmission even after his criminal charge was expunged, citing concerns about his ability to meet the Indiana bar's character and fitness requirements, given that he had sent disturbing messages to faculty and staff and filed frivolous lawsuits.

Federal judges noticed Patel's pattern of meritless litigation against Notre Dame. In March 2022, the United States District Court for the Southern District of Indiana imposed a filing bar that required Patel to seek and obtain leave before filing any suit in that court. *Id.* Similarly, after Patel filed a frivolous appeal with us, we warned him that further frivolous appeals might lead to sanctions in the Seventh Circuit. *See Patel v. Patel*, 834 F. App'x 244, 245 (7th Cir. 2021).

Just three months after the district court imposed the filing bar, Patel sued again, this time in Indiana state court. As before, he alleged that Notre Dame had violated federal law by discriminating against him on the basis of his religion and disability. He also brought state claims, asserting that Notre Dame had violated state law by denying him readmission to the law school. Because most of Patel's claims were based on federal law, Notre Dame removed the suit to the Southern District of Indiana. *See* 28 U.S.C. § 1441. It also asked the court to exercise supplemental jurisdiction over Patel's related state-law claims, *see* 28 U.S.C. § 1367, and to dismiss the case because it was frivolous.

In order to comply with the filing bar, Patel moved for leave to litigate in the Southern District of Indiana. The district's chief judge denied the motion. She explained that, by filing his latest suit against Notre Dame in state court, Patel was attempting to "abuse the judicial process" with "an end-run around [the district court's] filing restriction." Further, the chief judge continued, Patel could not "litigate an otherwise-prohibited lawsuit" after Notre Dame removed it to federal court. Once the chief judge denied Patel leave to litigate, the assigned district judge dismissed the suit with prejudice.

On appeal, Patel challenges the district court's jurisdiction and the propriety of removal. We review both matters *de novo*. *See Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013). Patel does not dispute that his complaint attempts to assert principally federal-law claims. *See* 28 U.S.C. § 1331. Instead, he argues that his federal claims are not ripe and, therefore, that the district court lacked subject-matter and removal jurisdiction. He also contends that the judge should have remanded his state-law claims to state court.

The suit's removal to federal court was proper. A defendant may remove to federal court any suit containing claims arising under federal law and claims falling within the court's supplemental jurisdiction. 28 U.S.C. § 1441(a), (c). The removal statute "gives defendants an absolute right to remove" even when a litigant, like Patel, is barred from litigating in federal district court. *See In re Skupniewitz*, 73 F.3d 702, 705 (7th Cir. 1996). Furthermore, the ripeness doctrine does not block this suit. The doctrine bars federal courts from deciding cases that turn on "so many future events that a judicial opinion would be 'advice about remote contingencies.'" *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 378 (7th Cir. 2019) (quoting *Rock Energy Corp. v. Vill. of Rockton*, 614 F.3d 745, 748 (7th Cir. 2010)). But the injuries that Patel alleges all stem from Notre Dame's past refusal to readmit him; no future contingencies are at play.

The dismissal of Patel's federal claims with prejudice also was proper. The filing bar, which Patel does not challenge, gave the district court discretion to deny Patel's request to litigate his claims in federal court, and it reasonably denied his request here, since his federal claims are simply another version of his many failed suits against Notre Dame. Once the court denied him leave to litigate, the assigned district judge rightly dismissed the federal claims with prejudice, because Patel could not prosecute them in the district court.

Patel's state-law claims, however, should have been remanded to the state court. District courts generally should exercise their discretion under 28 U.S.C. § 1367(c)(3) to relinquish jurisdiction over state-law claims when, as here, all federal claims have been dismissed, unless equity compels a decision on the merits of the state-law claims. *Lalowski v. City of Des Plaines*, 789 F.3d 784, 794 (7th Cir. 2015). The district judge should have stated the grounds for retaining supplemental jurisdiction over the state-law claims, which Patel did not even seek to bring in federal court. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999). The lack of an explanation is a problem that is "practically a fatal one for abuse-of-discretion review," because the record does not compel the conclusion that retaining jurisdiction to decide the merits of the state-law claims furthers "judicial economy, convenience, fairness, and comity." *Montano v. City of Chicago*, 375 F.3d 593, 601–02 (7th Cir. 2004) (second quotation quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). The district court's reliance on the filing bar to dismiss Patel's state-law claims does not satisfy this requirement because Patel originally filed those claims in state court.

We therefore VACATE the dismissal of Patel's state-law claims and REMAND them to the district court with instructions to return the state-law claims to the Indiana court from which the case was removed. We otherwise AFFIRM.

# APPENDIX B

**U.S. District Court**

**Southern District of Indiana (Indianapolis)**

**CIVIL DOCKET FOR CASE #: 1:22-mc-00024-TWP**

RECAP Actions

IN RE: PATEL
Assigned to: Judge Tanya Walton Pratt
Cause: Civil Miscellaneous Case

Date Filed: 03/28/2022

**In Re**

**RAJ PATEL**                    represented by    **RAJ PATEL**
6850 East 21st Street
Indianapolis, IN 46219
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 03/28/2022 | 1 ℝ | ORDER RESTRICTING NEW FILINGS - This matter is before the Court on its responsibility to deter repetitious and frivolous filings. Respondent, pro se litigant Raj Patel, has filed no fewer than twenty-eight actions and appeals in federal courts in the last four years - eight in this Court alone. Proceeding in forma pauperis in nearly all cases, Mr. Patel has amassed unpaid filing fees approaching $10,000. Accordingly, pursuant to this Court's inherent authority to prevent the abuse of the legal process, protect the limited resources of the judicial system, and promote the interests of justice, IT IS NOW ORDERED that Raj Patel is PROHIBITED from filing new lawsuits in this Court. Nothing in this Order shall be construed to restrict in any way the powers of a Judge under the Local Rules or the Federal Rules of Civil Procedure, or a Judge's inherent power to manage litigation before him or her. (See Order). Copies sent pursuant to distribution list. Signed by Judge Tanya Walton Pratt on 3/28/2022. (AKH) (Entered: 03/28/2022) |
| 07/06/2022 | 2 | Submission of Motion for Leave to File Notice of Appearance, by In Re RAJ PATEL. (Attachments: # 1 Notice of Appearance, # 2 UND Charter, # 3 Related Cases)(JSR) Modified on 7/7/2022 - added gavel (AKH). Modified on 7/7/2022 - term'd motion and re-added submission. (AKH). (Entered: 07/06/2022) |
| 07/08/2022 | 3 | ORDER DENYING LEAVE TO FILE - 2 MOTION for Leave to File Notice of Appearance in *Patel v. Notre Dame* filed by RAJ PATEL is DENIED. The Clerk is directed to docket this order in the instant case and in No. 1:22-cv-01329-JPH-MG. See Order for details. Signed by Judge Tanya Walton Pratt on 7/8/2022 (Copy mailed to Raj Patel).(LBT) (Entered: 07/08/2022) |
| 07/25/2022 | 4 | Submission of Motion for Leave to File Motion to Seal Operative Complaint by In Re RAJ PATEL. (Attachments: # 1 Motion to Seal Complaint)(DJH) Modified on 7/25/2022 (DJH). (Entered: 07/25/2022) |
| 08/08/2022 | 5 ℝ | Submission of Motion for Leave to File by In Re RAJ PATEL. (DJH) (Entered: 08/09/2022) |

| 08/08/2022 | 6 | Submission of Motion by In Re RAJ PATEL. (DJH) (Entered: 08/09/2022) |
| 08/10/2022 | 7 | Submission Amended Motion for Leave filed by RAJ PATEL. (NLR) (Entered: 08/11/2022) |
| 08/10/2022 | 8 | Submission Amended Motion to Remand filed by RAJ PATEL. (NLR) (Entered: 08/11/2022) |
| 08/16/2022 | 9 Ⓡ | Submission - Order from 1:22-cv-01576-JPH-MG dated 8/16/2022 instructing the clerk to docket the existing entries and future filings as "submissions" in 1:22-mc-00024-TWP and all existing entries filed by In Re RAJ PATEL. (DWH) (Entered: 08/17/2022) |
| 11/30/2022 | 10 Ⓡ | Submission of Motion, filed by In Re RAJ PATEL. (AKH) (Entered: 11/30/2022) |
| 01/19/2023 | 11 | Submission 1, filed by In Re RAJ PATEL. (Attachments: # 1 attachment)(JDC) (Entered: 01/20/2023) |
| 01/19/2023 | 12 | Submission 2, filed by In Re RAJ PATEL. (Attachments: # 1 attachment)(JDC) (Entered: 01/20/2023) |
| 01/19/2023 | 13 | Submission 3, filed by In Re RAJ PATEL. (Attachments: # 1 attachment)(JDC) (Entered: 01/20/2023) |
| 03/09/2023 | 14 Ⓡ | Submission, filed by In Re RAJ PATEL. (JDC) (Entered: 03/09/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/21/2023 02:10:53 | | |
| PACER Login: | RajPatelRozo | Client Code: | |
| Description: | Docket Report | Search Criteria: | 1:22-mc-00024-TWP |
| Billable Pages: | 2 | Cost: | 0.20 |

# APPENDIX C

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

|  |  |  |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | |
| | ) | No. 1:22-mc-00024-TWP |
| RAJ PATEL | ) | |
| | ) | |

## <u>ORDER RESTRICTING NEW FILINGS</u>

This matter is before the Court on its responsibility to deter repetitious and frivolous filings.

"Every paper filed . . . no matter how repetitious or frivolous, requires some portion of the

institution's limited resources. A part of the Court's responsibility is to see that these resources are

allocated in a way that promotes the interests of justice." *Montgomery v. Davis*, 362 F.3d 956, 957

(7th Cir. 2004) (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). Frivolous filing behavior

cannot be tolerated, and "the judicial authority to curb it is ample." *Support Sys. Int'l v. Mack*, 45

F.3d 185, 186 (7th Cir. 1995) (collecting cases).

Respondent, *pro se* litigant Raj Patel, has filed no fewer than **twenty-eight** actions and

appeals in federal courts in the last four years – eight in this Court alone.[1] Proceeding *in forma*

---

[1] *See Patel v. Biden*, No. 1:22-cv-00465 (S.D. Ind. March 24, 2022) (dismissed as frivolous with warning of sanctions); *Patel v. Biden*, No. 1:22-cv-00394 (D.D.C. Feb. 18, 2022) (dismissed for lack of jurisdiction), *appeal pending*, 22-507 (D.C. Cir.); *Patel v. United States*, No. 1:21-cv-02004 (Fed. Cl. Nov. 5, 2021) (dismissed as "delusional and "clearly baseless), *aff'd*, No. 22-1131 (Fed. Cir. Feb. 11, 2022); *Patel v. United States*, No. 1:21-cv-02250 (S.D. Ind. Sept. 21, 2021) (dismissed as frivolous); *Patel v. United States*, No. 2:21-cv-04160 (D. Mo. Sept. 13, 2021) (dismissed as frivolous); *Patel v. United States*, No. 1:21-cv-2263 (D.D.C. Sept. 8, 2021) (dismissed as frivolous); *Patel v. United States*, No. 2:21-cv-16029 (D.N.J. Sept. 20 , 2021) (dismissed as "plainly meritless"); *Patel v. United States*, No. 3:21-cv-628 (N.D. Ind. Oct. 7, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 1:21-cv-3376 (N.D. Ga. Oct. 5, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 1:21-cv-3335 (N.D. Ga. Oct. 5, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 21-cv-22729, 2021 WL 3603349, at *2 (S.D. Fla. Aug. 13, 2021) (dismissed as "patently frivolous"); *Patel v. Biden*, No. 2:21-cv-1345 (D. Nev. Aug. 9, 2021) (dismissed as frivolous and "largely delusional"); *Patel v. United States*, No. 1:21-cv-6553 (S.D.N.Y. Sept. 20, 2021), (dismissed as "frivolous" with warning of possible future sanctions); *Patel v. Biden*, No. 21-cv-1076, 2021 WL 2882481, at *1 (D.D.C. July 2, 2021) (dismissed for failure "to proffer factual allegations that are plausible"), *pet. for writ of mandamus dismissed*, No. 21-5153 (D.C. Cir. Aug. 6, 2021), *aff'd*, No. 21-5155 (D.C. Cir. Sept. 1, 2021), *reh'g en banc denied*; *Patel v. Martinez*, No. 3:21-cv-00241 (N.D. Ind. Apr. 8, 2021) (dismissed as implausible); *Patel v. Barr*, No. 1:20-cv-02567 (D.D.C. Nov. 12, 2020) (dismissed on plaintiff's motion); *Doe v. Trump Corp.*, No. 20-1706 (2d Cir. Oct. 9, 2020) (dismissing Patel's appeal of denial to intervene in other litigation), *cert. denied, reh'g denied*; *Patel*

*pauperis* in nearly all cases, Mr. Patel has amassed unpaid filing fees approaching $10,000.

Not one of Mr. Patel's cases has survived dismissal, which is unsurprising given the nature of his claims. Among other things, Mr. Patel has alleged that the United States government or unknown entities are targeting him with a "bio-stress weapon," that Presidents of the United States have "appropriated his intellectual property – specifically his 'word patterns' – by using 'advance[d] weaponry' with the knowledge of the F.B.I. and C.I.A," that he is a "constitutional executive" "upholding the Treaty of Paris (1783) and the United States Privileges and Immunities Clause," that he is being targeted by "a high-tech psychiatric weapon which induces stress and depression . . . similarly to the weapon that induces Havana Syndrome," and that he "saw circular objects in the shape . . . of white, translucent rings [which] came flying in from the window, some of them missed while some entered [his] nostrils." *See, e.g., Patel v. Trump*, No. 1:20-cv-00454-SEB-DML (S.D. Ind. Feb. 19, 2020); *Patel v. United States*, No. 1:21-cv-02250-RLY-MG (S.D. Ind. Sept. 21, 2021); *Patel v. Biden*, No. 1:22-cv-00465-JMS-MG (S.D. Ind. Mar. 24, 2022).

Courts have repeatedly found Mr. Patel's claims frivolous, baseless, and delusional. And at least three Courts, including this Court and the Seventh Circuit Court of Appeals, have warned him that he may be sanctioned for filing frivolous actions. *See Patel v. Patel*, 834 Fed. App'x 244, 245 (7th Cir. 2021); *Patel v. Biden*, No. 1:22-cv-00465-JMS-MG (S.D. Ind. Mar. 24, 2022); *Patel v. United States*, No. 1:21-cv-2250-RLY-MG (S.D. Ind. Sept. 21, 2021); *Patel v. United States*, No. 1:21-cv-6553 (S.D.N.Y. Sept. 20, 2021).

---

*v. Patel*, No. 1:20-cv-01772 (S.D. Ind. Sept. 1, 2020) (dismissed for failure to state a claim and lack of jurisdiction), *aff'd*, 834 Fed. App'x 244 (7th Cir. 2021) (warning of possible sanctions for filing frivolous appeals); *Patel v. United States,* No. 1:20-cv-02219 (S.D. Ind. Aug. 20, 2020) (dismissed as frivolous); *Patel v. Trump*, 1:20-cv-758 (S.D. Ind. Apr. 14, 2020) (dismissed as frivolous); *Patel v. Trump*, No. 1:20-cv-00454, 2020 WL 819680, at *2 (S.D. Ind. Feb. 19, 2020) (dismissed as "frivolous and [] entitled to no further judicial time"); *Patel v. Federal Bureau of Investigation*, No. 1:18-cv-03441 (S.D. Ind. Nov. 13, 2018 (dismissed for lack of subject matter jurisdiction); *Patel v. Federal Bureau of Investigation*, No. 1:18-cv-03442 (S.D. Ind. Nov. 13, 2018) (dismissed for lack of subject matter jurisdiction noting "a complete absence of a plausible federal claim").

The matter of Mr. Patel's filing practices is now before the undersigned Chief Judge of this Court for a determination of what sanction, if any, is appropriate. The Court finds that Mr. Patel's repeated filing of meritless lawsuits has consumed an inordinate amount of Court resources for no apparent purpose. The Court further finds that, in light of Mr. Patel's disregard of the Court's warnings and his *in forma pauperis* status, the only effective sanction is to restrict Mr. Patel's ability to file new cases in this Court.

Accordingly, pursuant to this Court's inherent authority to prevent the abuse of the legal process, protect the limited resources of the judicial system, and promote the interests of justice, **IT IS NOW ORDERED** that Raj Patel is **PROHIBITED** from filing new lawsuits in this Court. The Court imposes the following strictures on Mr. Patel's future filings:

1. The Clerk shall open a miscellaneous case with the general title "In re Raj Patel." A copy of this Order shall be docketed in the miscellaneous case.

2. Whenever Mr. Patel, whether using that name or some other name, proffers a new document for filing, he must include a separate motion seeking leave to file the document notwithstanding this Order. The Clerk or his designated deputy shall accept the papers, stamp them "received" (rather than "filed") and docket them as a "submission" in the miscellaneous case.

3. The Court will examine any documents tendered by Mr. Patel and determine whether or not they should be filed.

4. If the Court enters an order granting leave to file the materials, the Clerk shall cause the materials to be processed in accord with the order which is issued.

5. This screening requirement shall not apply to the following: filings in cases currently pending in this Court as of this date; one notice of appeal to this order and to any final judgement in this Court; filings in a criminal prosecution in which Mr. Patel represents himself as a defendant; and actions for habeas corpus.

6. Mr. Patel may seek modification or rescission of this Order after two years from the date of the Order.

7. This Order may be modified as the requirements of equity may demand.

Nothing in this Order shall be construed to restrict in any way the powers of a Judge under the Local Rules or the Federal Rules of Civil Procedure, or a Judge's inherent power to manage litigation before him or her.

**SO ORDERED.**

Date:  3/28/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution by U.S. Mail:

Raj Patel
1239 Spring Lake Drive
Brownsburg, IN 46112

Raj Patel
6850 East 21st St.
Indianapolis, IN 46219

# APPENDIX D

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF INDIANA**

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

03/09/2023

1:22-mc-00024-TWP

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                *Plaintiff*<br><br>    v.<br><br>AKRAM I. MUSLEH<br><br>               *Defendant* | No. 1:16-cr-0190-SEB-MJD-01<br><br>Magistrate judge case number: 1:16-mj-00444-TAB<br><br>Dated: March 9, 2023 |

### PLAINTIFF (PRO SE)-RAJ K. PATEL'S
### MOTION FOR INTERVENTION OR LETTER TO THE COURT

I, T.E., T.E Mr. Raj K. Patel, from the basis of the United States, the undersigned intervenor, in the above-named case, hereby move for intervention to protect the interest of the United States Constitution and our Ordered Liberty state the following:

### SUBSTANTIVE DUE PROCESS & PRIVILEGES AND IMMUNITIES CLAUSE

I use my Constitutional Privileges, honors, and rights of knowing from my undergraduate (Political Science and with Honors in Religion/Religious Studies) and law school, juris doctor candidacy, educations, and political offices and from reading law outside of formal schooling for the writing and discussions, arguments, and motions of these filings, and my presumptions of regularity from my political offices, *see* Certification of Interest. Hollingsworth v. Perry, 133 S. Ct. 2652, 2667, 2670-72 (U.S. 2013) ("unique legal status").

The case is a part of State affairs from each of my capacities working alone and together in permutations. Poindexter v. Greenhow, 114 U.S. 270, 290 (1884) ("the distinction between the government of a State and the State itself is important, and [shall]

<u>be</u> observed.") (underline added) and <u>Id.</u> at 290 ("in common speech,...to say "*L'État c'est moi.*"").

But for the perils, which execrated each fold in October 2013, May 2014, August 2015, and July 2017, through the stress weapon, Patel would have passed a court-approved bar exam.  See <u>Patel v. United States</u>, No. 23-1325 (Fed. Cir. 202_).

Plaintiff-Patel has the Constitutional privilege of Morally carrying a gun without a permit and without background checks, as his excellency his excellency is a Basis, local official.  <u>Printz v. United States</u>, 521 U.S. 898, 918 (1997) quoting <u>Principality of Monaco v. Mississippi</u>, 292 U.S. 313, 322 (1934). Federalist Nos. 42 & 80. This is because a privilege once attained can never be taken away, <u>cf.</u> the term-in-office limit is to prevent the effects of monarchy; as applied, Patel would be able to carry a gun on campus and in classrooms under his constitutional privileges, including to enforce this court's opinion. Our Framers envisioned this because the Basis provides fundamental and essential checks on the Seat, which is created by us the State, including the Military. https://www.comparably.com/salaries/salaries-for-us-army-general ("The salaries of Us [*sic*] Army Generals in the US range from $19,208 to $521,331, with a median salary of $93,762. The middle 57% of Us Army Generals makes between $93,765 and $236,104, with the top 86% making $521,331.") (therefore, making more than the POTUS and Dr. Fauci). The title The Excellent also means that the Constitution permissively approves me for commercial and monetary success for Patel's level in the state-military-political hierarchy.   In other words, our Framers envisioned that the Basis would plead the judiciary under our Ordered Liberty.  U.S. const. amend. V & amend. XIV.  <u>Printz</u>, 521 U.S. at 918 quoting <u>Principality of Monaco</u>, 292 U.S. at 322.  Federalist Nos. 42 & 80. The United States (a part of), through ones of its control group, can also be aiding in making me politically ineligible, despite my high levels of favorability, well-likeness, and

approval, to run for the Presidency which I have always strived for. Upjohn Co. v. United States, 449 U.S. 383, 388-9 and 393 (1981) ("zone of silence;" "control group;" and "substantial role"). Loosing this case will also make me, a leader of the United States rather than any sister state, appear weak, in the most "degrad[ing]" and "demean[ing]" proscribed ways, and aid the Constitution's opposition, per the court is to use its jurisdiction in favor of the parties before it. U.S. const. art. IV, § 2 (applicable to states and the United States) & amend. XIV (applicable to states and the United States; "citizens of the United States"); United States v. Windsor, 570 U.S. 744, 792-93 (2013) (""the Fifth Amendment itself withdraws from Government the power to degrade or demean in the way this law does."...The only possible interpretation of this statement is that the Equal Protection Clause, even the Equal Protection Clause as incorporated in the Due Process Clause, is not the basis for today's holding."); Hollingsworth v. Perry, 133 S. Ct. 2652, 2667, 2670-72 (U.S. 2013) ("unique legal status"); U.S. Term Limits, Inc. v. Thornton, 514 U.S. 779, 844-45 (1995); Bridges v. California, 314 U.S. 252, 282 (1941); and see also Ind. const. art. I, § 1.

## DISCUSSION

1. "The FBI arrested then-18-year-old Musleh in June 2016 as he boarded a bus from Indianapolis to New York, allegedly in preparation to fly to ISIS-held territory in Libya. Musleh pleaded guilty to attempting to provide material support to ISIS in May 2018, and in June 2019, he was sentenced to eight years and four months in federal prison." "On June 21, 2019, he was sentenced to eight years and four months in federal prison, followed by 11 years and eight months of post-release supervision.* He is currently incarcerated at Gilmore Federal Correctional Institute in West Virginia, with a scheduled release date of August 11, 2023."

https://www.counterextremism.com/extremists/akram-musleh. Akram attended Brownsburg Community School Corporation, where I was the Student Body President from 2009-2010, the current corporate sovereign, and a part of the control group of the B.C.S.C. Upjohn Co. v. United States, 449 U.S. 383, 388-9 and 393 (1981) ("zone of silence;" "control group;" and "substantial role").

2. The F.B.I.'s and DOJ's use of the *Iman* was unconstitutional as religious authority figures, such as *Imans,* are assumed terrorists in accord with the Framers of the United States Constitution. Dkt. 140 at 42 ("he was not dissuaded by the intercession of at least one local Imam who, as noted below, cautioned MUSLEH to avoid the "devil group" ISIS.") (It's like saying to someone who is presumed to be mentally disabled go for it.). In turn, the F.B.I. used a counterproductive measure by bringing in an *Imam.* Id. For this reason, Akram sentence should be reduced as time served, and any supervised release be done in different state. Dkt. 140 at 42

3. The F.B.I.'s and DOJ's use of an *Iman* is also an unconstitutional burden on Akram's religion, presuming he is guilty as charged, which was to join ISIS. 42 U.S.C. §§ 2000bb-3(a). The United States has not carried its burden on showing why the use of Iman, possibly of a different sect and race than Akram, was appropriate. For this reason, Akram sentence should be reduced as time served, and any supervised release be done in different state.

4. Under *Sharia,* I am a Caliph, and I know the *Iman* acted repugnantly to the United States Constitution and without my permission. Therefore, for this

reason, Akram sentence should be reduced as time served, and any supervised release be done in different state.

5. For the *Iman*, Akram is a cultural sacrifice. Therefore, for this reason, Akram sentence should be reduced as time served, and any supervised release be done in different state.

6. The act on Akram and my corporation was a constitutionally repugnant White-supremacy-sponsored attack on my status, image (that a terrorist can be there at B.C.S.C., Seated in Hendricks County, Indiana), and corporation. U.S. const. art. IV, § 2 & amend. XIV.  The F.B.I. and D.O.J. under our Ordered Liberty should have communicated with me. Id.  This is more an effort to paint as weak and political ineligible to become the President of the United States, although a demotion, assumed by the Founders and Framers, his honor's powers may not violate My Excellency. Id. & U.S. const. amend IX.  The United States has not carried its burden on showing why the use of Iman, possibly of a different sect and race than Akram, was appropriate.

7. If Akram was a Black-Muslim (1/5 to 1/3 of the Black population), he would not be in this situation and probably not forcefully and involuntarily exposed to a Iman. Therefore, for this reason, Akram sentence should be reduced as time served, and any supervised release be done in different state.

8. This is personal to my Ordered Liberties, as the most powerful T.E. T.E. as authoritatively permissive, as well because since they could not put in this perilous situation, they — that is a force known to The Harvard [University] Corporation which wants to terroristically fight me on being the oldest

corporation in the Western Hemisphere — went for Akram.   Dumb

deforms; missed aborations; lessers; and middle-class; whose interests are

to displace me on the Ordered hierarchy.   U.S. const. amend. I & amend.

XIV.   Therefore, for this reason, Akram sentence should be reduced as time

served, and any supervised release be done in different state.

9.  The status quo is not beyond a reasonable doubt or even clear and

    convincing.

Therefore, may this court grant my motion for intervention or grant my letter.


Respectfully submitted,


/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live


President/Student Body President, Student Gov't Ass'n of
    Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
Student   Body   President,   Brownsburg   Cmty.   Sch.
    Corp./President, Brownsburg High Sch. Student Gov't
    2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind.
    St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High
    Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-
    2010
Vice President of Fin. (Indep.), Oxford C. Republicans of
    Emory U., Inc. 2011-2012

Intern, Jill Long Thompson for Governor (2008)

Volunteer, Barack Obama for Am. (2008)

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y of St. of the St. of Ind. (2014)

Former J.D. Candidate, Notre Dame L. Sch.

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Motion for Intervention on 03/9/2023 to below individuals via e-mail:

**Bradley Paul Shepard**
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
317-226-6333
Fax: (317) 226-6125
Email: brad.shepard@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Joe Howard Vaughn**
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 229-2447
Fax: (317) 226-6125
Email: joe.vaughn@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Matthew Rinka**
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 229-2865
Email: matthew.rinka@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Paul Gerard Casey**
UNITED STATES DEPARTMENT OF JUSTICE
National Security Division
600 E St. NW

Room 4073
Washington, DC, DC 20004
202-307-3205
Fax: 202-514-8714
Email: paul.casey2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Steven D. DeBrota**
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204
317-226-6333
Fax: (317) 226-6125
Email: steve.debrota@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*


Respectfully submitted,


/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live


Dated: March 9, 2023

## IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*<br><br>v.<br><br>AKRAM I. MUSLEH<br><br>*Defendant* | Filing Bar: 22-mc-24-TWP<br><br>No. 1:16-cr-0190-SEB-MJD-01<br><br>Magistrate judge case number: 1:16-mj-00444-TAB<br><br>Dated: March 9, 2023 |

### PLAINTIFF (PRO SE)-RAJ K. PATEL'S
### MOTION FOR LEAVE TO FILE INTERVENTION

I, T.E., T.E Mr. Raj K. Patel, from the basis of the United States, the undersigned intervenor, in the above-named case, hereby move for leave to file a Motion for Intervention and Letter, in the interest of protecting the United States Constitution and our Ordered Liberty:

### <u>SUBSTANTIVE DUE PROCESS & PRIVILEGES AND IMMUNITIES CLAUSE</u>

I use my Constitutional Privileges, honors, and rights of knowing from my undergraduate (Political Science and with Honors in Religion/Religious Studies) and law school, juris doctor candidacy, educations, and political offices and from reading law outside of formal schooling for the writing and discussions, arguments, and motions of these filings, and my presumptions of regularity from my political offices, *see* Certification of Interest. <u>Hollingsworth v. Perry</u>, 133 S. Ct. 2652, 2667, 2670-72 (U.S. 2013) ("unique legal status").

The case is a part of State affairs from each of my capacities working alone and together in permutations. <u>Poindexter v. Greenhow</u>, 114 U.S. 270, 290 (1884) ("the distinction between the government of a State and the State itself is important, and [shall]

be observed.") (underline added) and Id. at 290 ("in common speech,…to say "*L'État c'est moi.*"").

But for the perils, which execrated each fold in October 2013, May 2014, August 2015, and July 2017, through the stress weapon, Patel would have passed a court-approved bar exam. See Patel v. United States, No. 23-1325 (Fed. Cir. 202_).

Plaintiff-Patel has the Constitutional privilege of Morally carrying a gun without a permit and without background checks, as his excellency his excellency is a Basis, local official. Printz v. United States, 521 U.S. 898, 918 (1997) quoting Principality of Monaco v. Mississippi, 292 U.S. 313, 322 (1934). Federalist Nos. 42 & 80. This is because a privilege once attained can never be taken away, cf. the term-in-office limit is to prevent the effects of monarchy; as applied, Patel would be able to carry a gun on campus and in classrooms under his constitutional privileges, including to enforce this court's opinion. Our Framers envisioned this because the Basis provides fundamental and essential checks on the Seat, which is created by us the State, including the Military. https://www.comparably.com/salaries/salaries-for-us-army-general ("The salaries of Us [*sic*] Army Generals in the US range from $19,208 to $521,331, with a median salary of $93,762. The middle 57% of Us Army Generals makes between $93,765 and $236,104, with the top 86% making $521,331.") (therefore, making more than the POTUS and Dr. Fauci). The title The Excellent also means that the Constitution permissively approves me for commercial and monetary success for Patel's level in the state-military-political hierarchy.   In other words, our Framers envisioned that the Basis would plead the judiciary under our Ordered Liberty. U.S. const. amend. V & amend. XIV. Printz, 521 U.S. at 918 quoting Principality of Monaco, 292 U.S. at 322. Federalist Nos. 42 & 80. The United States (a part of), through ones of its control group, can also be aiding in making me politically ineligible, despite my high levels of favorability, well-likeness, and

approval, to run for the Presidency which I have always strived for. <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 388-9 and 393 (1981) ("zone of silence;" "control group;" and "substantial role").  Loosing this case will also make me, a leader of the United States rather than any sister state, appear weak, in the most "degrad[ing]" and "demean[ing]" proscribed ways, and aid the Constitution's opposition, per the court is to use its jurisdiction in favor of the parties before it.  U.S. const. art. IV, § 2 (applicable to states and the United States) & amend. XIV (applicable to states and the United States; "citizens of the United States"); <u>United States v. Windsor</u>, 570 U.S. 744, 792-93 (2013) (""the Fifth Amendment itself withdraws from Government the power to degrade or demean in the way this law does."...The only possible interpretation of this statement is that the Equal Protection Clause, even the Equal Protection Clause as incorporated in the Due Process Clause, is not the basis for today's holding."); <u>Hollingsworth v. Perry</u>, 133 S. Ct. 2652, 2667, 2670-72 (U.S. 2013) ("unique legal status"); <u>U.S. Term Limits, Inc. v. Thornton</u>, 514 U.S. 779, 844-45 (1995); <u>Bridges v. California</u>, 314 U.S. 252, 282 (1941); and <u>see also</u> Ind. const. art. I, § 1.

## DISCUSSION

1. Allowing the filing of the letter will be sensitive to Akram's due process rights and my First Amendment rights.

2. I bring my legal and political and educational knowledge into the proposed filing.

3. I would have filed this motion earlier but for my weapon-induced stress, and the related complaints have caused a filing bar.  <u>In Re Raj K. Patel</u>, No. 22-mc-24-TWP (S.D.I.N. 202_).

4. I will not be the only one to file a Motion for Intervention or Letter.

5. The Plaintiff is accused of trespass. <u>Upjohn Co. v. United States</u>, 449 U.S. 383, 388-9 and 393 (1981) ("zone of silence;" "control group;" and "substantial role").

6. The status quo is not beyond a reasonable doubt or even clear and convincing.

Therefore, I move Chief Judge Pratt to allow the filing of the attached Motion for Intervention or letter.

Respectfully submitted,


/s/ Raj K. Patel
T.E., T.E. Raj K. Patel (*pro se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
<u>rajp2010@gmail.com</u>
<u>www.rajpatel.live</u>



President/Student Body President, Student Gov't Ass'n of Emory U., Inc. 2013-2014 (corp. sovereign 2013-present)
Student Body President, Brownsburg Cmty. Sch. Corp./President, Brownsburg High Sch. Student Gov't 2009-2010 (corp. sovereign 2009-present)
Rep. from the Notre Dame L. Sch. Student B. Ass'n to the Ind. St. B. Ass'n 2017
Deputy Regional Director, Young Democrats of Am.-High Sch. Caucus 2008-2009
Co-Founder & Vice Chair, Ind. High Sch. Democrats 2009-2010
Vice President of Fin. (Indep.), Oxford C. Republicans of Emory U., Inc. 2011-2012

Intern, Jill Long Thompson for Governor (2008)

Volunteer, Barack Obama for Am. (2008)

Intern, Marion Cnty. Clerk Elizabeth "Beth" White for Sec'y
of St. of the St. of Ind. (2014)

Former J.D. Candidate, Notre Dame L. Sch.

## CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing Motion for Intervention on 03/9/2023 to below individuals via e-mail:

**Bradley Paul Shepard**
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
317-226-6333
Fax: (317) 226-6125
Email: brad.shepard@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Joe Howard Vaughn**
UNITED STATES ATTORNEY'S OFFICE
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 229-2447
Fax: (317) 226-6125
Email: joe.vaughn@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Matthew Rinka**
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204
(317) 229-2865
Email: matthew.rinka@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Paul Gerard Casey**
UNITED STATES DEPARTMENT OF JUSTICE
National Security Division
600 E St. NW

Room 4073
Washington, DC, DC 20004
202-307-3205
Fax: 202-514-8714
Email: paul.casey2@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*

**Steven D. DeBrota**
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
10 West Market Street
Suite 2100
Indianapolis, IN 46204
317-226-6333
Fax: (317) 226-6125
Email: steve.debrota@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Government Attorney*


Respectfully submitted,


/s/ Raj Patel
T.E., T.E. Raj K. Patel (*Pro Se*)
6850 East 21st Street
Indianapolis, IN 46219
Marion County
317-450-6651 (cell)
rajp2010@gmail.com
www.rajpatel.live


Dated: March 9, 2023

# APPENDIX E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RAJ PATEL<br>*from all capacities*,<br>              Plaintiff,<br><br>              v.<br><br>THE HONORABLE JOE BIDEN,<br>the President of the United States,<br>THE HONORABLE MERRICK GARLAND,<br>Attorney General of the United States,<br>THE HONORABLE XAVIER BECERRA,<br>Secretary of the United States Department of<br>Health and Human Services,<br>THE HONORABLE ALEJANDRO MAYORKAS,<br>Secretary of the United States Department of<br>Homeland Security,<br>CHRISTOPHER WRAY,<br>Director of the Federal Bureau of Investigations,<br><br>              Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 1:22-cv-000465-JMS-MG |

## ORDER ADDRESSING PENDING MOTIONS AND
## DISMISSING PETITION FOR WRIT OF MANDAMUS

Pending before the Court are *pro se* Plaintiff Raj Patel's Petition for Writ of Mandamus, [Filing No. 1], Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 2], and Motion to Expedite [Filing No. 4]. This Order first addresses Mr. Patel's Motion for Leave to Proceed *In Forma Pauperis*, then screens this action pursuant to 28 U.S.C. § 1915(e)(2) and disposes of his Motion to Expedite.

### I.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to

pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Mr. Patel's Motion to Proceed *In Forma Pauperis*, [Filing No. 2], meets this standard and is therefore **GRANTED**. 28 U.S.C. § 1915(a).

The Court notes that, while *in forma pauperis* status allows the plaintiff to proceed without *pre*-payment of the filing fee, the plaintiff remains liable for the full fee. *Robbins v. Switzer,* 104 F.3d 895, 898 (7th Cir. 1997) (Every *in forma pauperis* litigant is liable for the filing fee; "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees") (emphasis in original). The Court does not have the authority to waive the filing fee, and it remains due despite plaintiff's *in forma pauperis* status. *Fiorito v. Samuels*, 2016 WL 3636968, *2 (C.D. Ill. June 30, 2016) ("The Court does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 WL 4773135, *5 (E.D. Wis. Aug. 12, 2015) (same principle). The filing fee for *in forma pauperis* litigants is $350. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $402 filing fee includes a $52 administrative fee, but that the administrative fee "does not apply to...persons granted in forma pauperis status under 28 U.S.C. § 1915"). Immediate payment is not required; however, the $350 balance remains owing.

## II.
### SCREENING

**A. Screening Standard**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." Further, a federal court cannot act in the absence of subject matter jurisdiction. *See Del Vecchio v. Conseco, Inc.,* 230 F.3d 974, 980 (7th Cir. 2000) (collecting cases).

## B. Petition

In his Petition for Writ of Mandamus, Mr. Patel's latest action filed in federal court,[1] he

seeks mandamus relief pursuant to 28 U.S.C. § 1361, which grants district courts jurisdiction in

"any action in the nature of mandamus to compel an officer or employee of the United States or

any agency thereof to perform a duty owed to the plaintiff." The Supreme Court has emphasized

that "[t]he common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide

---

[1] A PACER search reveals that in the last four years, Mr. Patel has filed no fewer than **twenty-seven** actions and appeals in federal courts, and that he was granted *in forma pauperis* status in nearly all of them. *See Patel v. Biden*, No. 1:22-cv-00394 (D.D.C. Feb. 18, 2022) (dismissed for lack of jurisdiction), *appeal pending*, 22-507 (D.C. Cir.); *Patel v. United States*, No. 1:21-cv-02004 (Fed. Cl. Nov. 5, 2021) (dismissed as "delusional and "clearly baseless), *aff'd*, No. 22-1131 (Fed. Cir. Feb. 11, 2022); *Patel v. United States*, No. 1:21-cv-02250 (S.D. Ind. Sept. 21, 2021) (dismissed as frivolous); *Patel v. United States*, No. 2:21-cv-04160 (D. Mo. Sept. 13, 2021) (dismissed as frivolous); *Patel v. United States*, No. 1:21-cv-2263 (D.D.C. Sept. 8, 2021) (dismissed as frivolous); *Patel v. United States*, No. 2:21-cv-16029 (D.N.J. Sept. 20 , 2021) (dismissed as "plainly meritless"); *Patel v. United States*, No. 3:21-cv-628 (N.D. Ind. Oct. 7, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 1:21-cv-3376 (N.D. Ga. Oct. 5, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 1:21-cv-3335 (N.D. Ga. Oct. 5, 2021), (dismissed on plaintiff's motion); *Patel v. United States*, No. 21-cv-22729, 2021 WL 3603349, at *2 (S.D. Fla. Aug. 13, 2021) (dismissed as "patently frivolous"); *Patel v. Biden*, No. 2:21-cv-1345 (D. Nev. Aug. 9, 2021) (dismissed as frivolous and "largely delusional"); *Patel v. United States*, No. 1:21-cv-6553 (S.D.N.Y. Sept. 20, 2021), (dismissed as "frivolous" with warning of possible future sanctions); *Patel v. Biden*, No. 21-cv-1076, 2021 WL 2882481, at *1 (D.D.C. July 2, 2021) (dismissed for failure "to proffer factual allegations that are plausible"), *pet. for writ of mandamus dismissed*, No. 21-5153 (D.C. Cir. Aug. 6, 2021), *aff'd*, No. 21-5155 (D.C. Cir. Sept. 1, 2021), *reh'g en banc denied*; *Patel v. Martinez*, No. 3:21-cv-00241 (N.D. Ind. Apr. 8, 2021) (dismissed as implausible); *Patel v. Barr*, No. 1:20-cv-02567 (D.D.C. Nov. 12, 2020) (dismissed on plaintiff's motion); *Doe v. Trump Corp.*, No. 20-1706 (2d Cir. Oct. 9, 2020) (dismissing Patel's appeal of denial to intervene in other litigation), *cert. denied, reh'g denied*; *Patel v. Patel*, No. 1:20-cv-01772 (S.D. Ind. Sept. 1, 2020) (dismissed for failure to state a claim and lack of jurisdiction), *aff'd*, 834 Fed. App'x 244 (7th Cir. 2021) (warning of possible sanctions for filing frivolous appeals); *Patel v. United States*, No. 1:20-cv-02219 (S.D. Ind. Aug. 20, 2020) (dismissed as frivolous); *Patel v. Trump*, 1:20-cv-758 (S.D. Ind. Apr. 14, 2020) (dismissed as frivolous); *Patel v. Trump*, No. 1:20-cv-00454, 2020 WL 819680, at *2 (S.D. Ind. Feb. 19, 2020) (dismissed as "frivolous and [] entitled to no further judicial time"); *Patel v. Federal Bureau of Investigation*, No. 1:18-cv-03441 (S.D. Ind. Nov. 13, 2018 (dismissed for lack of subject matter jurisdiction); *Patel v. Federal Bureau of Investigation*, No. 1:18-cv-03442 (S.D. Ind. Nov. 13, 2018) (dismissed for lack of subject matter jurisdiction noting "a complete absence of a plausible federal claim").

a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014) (quoting *Heckler v. Ringer*, 466 U.S. 602, 616 (1984)). "If a plaintiff's allegations survive *Ringer's* jurisdictional threshold, three elements must be met in order for the court to issue a writ: '(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available.'" *Id.* (quoting *Burnett v. Bowen*, 830 F.2d 731, 739 (7th Cir. 1987)).

Mr. Patel asks the Court to order the President of the United States and other federal officials to enforce the Privileges and Immunities and Free Exercise Clauses of the United States Constitution. Mr. Patel appears to believe that such an order will relieve him from the detrimental effects of "Weapon S," a "high-tech psychiatric weapon which induces stress and depression . . . and, based on information released by the Central Intelligence Agency, . . . seems to work very similarly to the weapon which induces Havana Syndrome." [Filing No. 1 at 4]. According to Mr. Patel, in 2006 he informed President Bush that he was being targeted with Weapon S, and "[f]rom this point onward and sporadically since July 2017, every moment of my life, I live under Weapon S, as it is being used on me through playing a ringing sound, which causes the aforementioned stress and depression." [Filing No. 1 at 4-5]. Mr. Patel blames Weapon S for his excessive weight gain and inability to practice his religion. He asserts that the Privileges and Immunities Clause and the Free Exercise Clause entitle him to protection from Weapon S.

## C. Discussion

*Pro se* complaints such as Mr. Patel's are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted). And at this stage, the Court must accept all factual allegations

as true. "The sole exception to this rule [that a court must accept a complaint's allegations as true, no matter how skeptical the court may be] lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009). *See also Denton v. Hernandez*, 504 U.S. 25, 32 (1992) (under 28 U.S.C. § 1915, a federal court may dismiss a complaint whose factual contentions describe "fantastic or delusional scenarios, claims with which federal judges are all too familiar").

Mr. Patel's petition must be dismissed. First, he has identified no "clear nondiscretionary duty" to protect him from "Weapon S" owed to him by the President and the other named federal officials, and therefore the Court has no jurisdiction to entertain his claim. Second, to the extent Mr. Patel makes the same assertions has made in other lawsuits which have been dismissed on the merits, his claims are barred by the doctrine of *res judicata. See Coleman v. Labor and Indus. Review Comm'n of Wis.*, 860 F.3d 461, 469 (7th Cir. 2017). Third, the Court finds that this case is frivolous and is entitled to no further judicial time. *See* 28 U.S.C. § 1915(e)(2) (requiring district court to dismiss frivolous *in forma pauperis* complaints); *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) ("Sometimes, however, a suit is dismissed because the facts alleged in the complaint are so nutty ('delusional' is the polite word) that they're unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity.").

Ordinarily, the Court would give Mr. Patel an opportunity to file an amended complaint before dismissal. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.") However, such an opportunity is not necessary "where it is certain from the face of the complaint that any

amendment would be futile or otherwise unwarranted." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004). The Court concludes that any amendment would be futile and leave to amend is unwarranted in this instance. Thus, this action is **DISMISSED WITH PREJUDICE**. Mr. Patel's Motion to Expedite [Filing No. 4] is **DENIED** as moot.

### III.

#### CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Patel's Motion for Leave to Proceed *In Forma Pauperis* [Filing No. 2], **DISMISSES** this action **WITH PREJUDICE**, and **DENIES** Mr. Patel's Motion to Expedite [Filing No. 4] as moot.

Mr. Patel has been warned by this Court, the United States District Court for the Southern District of New York, and the Seventh Circuit Court of Appeals that he may be sanctioned for filing frivolous actions. *See Patel v. Patel*, 834 Fed. App'x 244, 245 (7th Cir. 2021); *Patel v. United States*, No. 1:21-cv-2250-RLY-MG (S.D. Ind. Sept. 21, 2021); *Patel v. United States*, No. 1:21-cv-6553 (S.D.N.Y. Sept. 20, 2021). He has been further warned that if he does not cease filing frivolous lawsuits, the matter of his filing practices will be referred to the Chief Judge of this Court. Accordingly, the Clerk is directed to refer the matter of Raj Patel's filing practices to the Chief Judge for whatever action she deems warranted.

Final judgment shall enter accordingly.

SO ORDERED.

Date: 3/24/2022

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution by U.S. Mail:

Raj Patel
1239 Spring Lake Drive
Brownsburg, IN 46112

Raj K. Patel
6850 East 21st St.
Indianapolis, IN 46219